IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **ALEX C. STATON** | ) | |
| 3809 Treebrook | ) | **JURY TRIAL DEMANDED** |
| Imperial, MO 63052 | ) | |
| | ) | |
| On Behalf of himself and | ) | |
| All Others Similarly Situated, | ) | |
| | ) | Case no.: 08-CV-0273-ERW |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **CAVO BROADBAND** | ) | |
| **COMMUNICATIONS, L.L.C.** | ) | |
| A Missouri Corporation | ) | |
| Registered Agent: | ) | |
| CT Corporation | ) | |
| 120 South Central Ave. | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| **CAVO COMMUNICATIONS, INC.** | ) | |
| A Florida Corporation | ) | |
| Registered Agent: | ) | |
| CSC-Lawyers Incorporating Service Co. | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| **PRINCE TELECOM, INC.** | ) | |
| A Delaware Corporation | ) | |
| Registered Agent: | ) | |
| CT Corporation System | ) | |
| 120 South Central Ave. | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**
**Collective Action Under the FLSA**

**COME NOW** the Plaintiff Alex C. Staton on behalf of himself, and all others similarly situated, by and through counsel, and hereby sets forth this representative action for violation of the Fair Labor Standards Act under §216(b) as follows:

## PRELIMINARY STATEMENT

1. Plaintiff Alex C. Staton brings this action against Defendants Cavo Broadband Communications, L.L.C.; Cavo Communications, Inc.; and Prince Telecom, Inc. for unpaid overtime compensation and related penalties and damages. Defendants' practice and policy is to willfully fail and refuse to properly pay overtime compensation due Staton and all other similarly situated employees. Doing so is direct in violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (FLSA).

2. Defendants' practices are in direct violation of the FLSA, and Plaintiff seeks injunctive and declaratory relief; overtime premiums for all overtime work required, suffered, or permitted by Defendants; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

3. Plaintiff Alex C. Staton currently resides at 3809 Treebrook, Imperial, Missouri. Plaintiff was employed as a cable services installer for the Defendant. The Plaintiff worked in the field on a daily basis in Missouri. Plaintiff's work originated out of Defendant Cavo's office located in Missouri.

4. Defendant Cavo Broadband Communications, L.L.C. is a Deleware entity registered and in good standing in the state of Missouri with its principle place of business located at 11770 U.S. Highway 1, Ste. 101, Palm Beach Gardens, Florida and operating a place of

business located at 511 Withers Ave., St. Louis, Missouri. This entity was formed in Delaware on or about March 15, 2007.

5. Defendant Cavo Broadband Communications, L.L.C. was formerly known and operated as Cavo Communications, Inc. a Florida corporation that was created on or about October 11, 2005 and became administratively dissolved in the state of Missouri on or about October 19, 2007. Cavo Broadband Communications, Inc. operated its principle place of business at 12191 S. Rhea Drive, Plainfield, Illinois. Cavo Communications, Inc. operated a place of business at ****.

6. Defendant Prince Telecom, Inc. is Delaware corporation registered and in good standing in the state of Missouri with its principle place of business located at 34 Blevine Drive, Ste. 5, New Castle, Delaware. Prince Telecom, Inc. operates a place of business at ***.

7. Defendants Cavo Broadband Communications, L.L.C.; Cavo Communications, Inc.; and Prince Telecom, Inc. are joint employers of the Plaintiff under the FLSA.

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

9. The United States District Court for the Eastern District of Missouri has personal jurisdiction because Defendants conduct business within this District.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as the Defendants have offices, conducts business and can be found in the Eastern District of Missouri, and the cause of action set forth herein has arisen and occurred in substantial part in the Eastern District of Missouri. Venue is also proper under 29 U.S.C.

§1132(e)(2) because Defendants have substantial business contacts within the state of Missouri.

## COUNT I
## FLSA CLAIM

11. Plaintiff hereby incorporates paragraphs 1 through 10 of this Complaint into this Count.

12. Plaintiff Staton was employed by the Defendant Cavo Communications, Inc. from on or about August 2005 through November 2006.

13. Plaintiff Staton again began working for Defendant Cavo Communications, Inc. on or about February 22, 2007 as a cable services installer. During 2007, Cavo Communications, Inc. became Cavo Broadband Communications, L.L.C. and the Plaintiff continued working as a cable services installer for Cavo Broadband Communications, L.L.C. through December 2007.

14. Defendant Prince Telecom, Inc. exercised sufficient control over the pay policies and procedures, control, and human resource functions so as to be a joint employer of the Plaintiff and other similarly situated employees.

15. During this time frame, the Defendants incorrectly failed to pay the Plaintiff, and all other similarly situated cable service installers, overtime compensation for hours worked in excess of forty per week.

16. Prior to and during the Plaintiff's employment with the Defendants, the Defendants employed numerous other similarly situated cable service installers who had the same job duties and compensation structure as the Plaintiff.

17. Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), on behalf of all persons who were, are, or will be employed by the Defendants as cable service installers within three years from the commencement of

4

18. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to section 16 of the FLSA, 29 U.S.C. §216(b), for all claims asserted by the Representative Plaintiff because the claims of Mr. Staton are similar to the claims of the other similarly situated cable service installers.

19. Mr. Staton and the cable service installers are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendants' common practice, policy, or plan of refusing to pay overtime in violation of the FLSA.

20. The names and addresses of the similarly situated cable service installers are available from Defendants.  To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

21. At all relevant times, Defendants have been, and/or continue to be, "employers" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §203.  At all relevant times, Defendants have employed, and/or continue to employ, "employee[s]," including each of the putative members of the FLSA representative action.  At all times relevant herein, Defendants have each had respective gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

22. The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

23. Plaintiff and the similarly situated cable service installers in this FLSA representative action are not exempt from the right to receive overtime pay under the FLSA and are not exempt from the requirement that their employer pay them overtime compensation under the FLSA. Mr. Staton and the similarly situated cable service installers in this FLSA representative action are entitled to be paid overtime compensation for all overtime hours worked.

24. At all relevant times, Defendants have had a policy and practice of failing and refusing to pay full overtime pay to its cable service installer employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

25. The Defendants failed to compensate Plaintiff and all other similarly situated employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendants violated, and continue to violate, the FLSA, 29 U.S.C. §§201, *et seq.,* including 29 U.S.C. §207(a)(1).

26. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

27. Mr. Staton, on behalf of himself and all similarly situated cable service installers working for Defendants, seek damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

28.   Mr. Staton, on behalf of himself and all similarly situated cable service installers of Defendants, seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff, on behalf of himself and all proposed members of the FLSA representative action, pray for relief as follows:

a.   Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to U.S.C. §216(b);

b.   Designation of Plaintiff Alex C. Staton as Representative Plaintiff of the putative members of the FLSA representative action;

c.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §201, *et seq.*;

d.   An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e.   An award of damages for overtime compensation due for the Plaintiff and the putative members of the class, including liquidated damages, to be paid by Defendants;

f.   Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

g.   Pre-Judgment and Post-Judgment interest, as provided by law; and

h.        Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they and all members of the proposed representative action have a right to jury trial.

Respectfully Submitted,



*/s/ Brendan J. Donelon*
Brendan J. Donelon, E.D.Mo. 197776
802 Broadway, 7th Floor
Kansas City, Missouri 64105
Tel:   (816) 221-7100
Fax:   (816) 472-6805
brendan@donelonpc.com

ATTORNEY FOR PLAINTIFF

**Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing was sent on June 12, 2008 via the requirements set forth by the Eastern District of Missouri under the policies for Electronic Case Management and standing Orders to:

Stacy M. Bunck
Patrick F. Hulla
Angela D. Green
OGLETREE DEAKINS, et al.
Park Central Plaza
4717 Grand Ave., Ste. 300
Kansas City, MO 64112

ATTORNEYS FOR DEFENDANT