# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **ALEX C. STATON** ) | |
| ) | |
| On Behalf of himself and ) | |
| All Others Similarly Situated, ) | |
| ) | Case no.: 08-CV-0273-ERW |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **CAVO BROADBAND** ) | |
| **COMMUNICATIONS, L.L.C., et al.** ) | |
| ) | |
| Defendants. ) | |

### UNOPPOSED MOTION FOR ORDER OF FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, ATTORNEY'S FEES & COSTS, AND ENHANCEMENT PAYMENT

___

COMES NOW the Plaintiff Alex Staton (the "Named Plaintiff") and hereby moves the Court for an order of final approval of the Joint Stipulation of Settlement and Release, for attorney's fees & costs, and for the enhancement payment to the Named Plaintiff in the above-referenced matter, regarding the class claims brought against Defendants Cavo Broadband Communications, L.L.C.; Cavo Communications, Inc.; and Prince Telecom, Inc. ("Defendants") (collectively, the "Parties"). The Defendants do not oppose the requests made herein.

The Named Plaintiff and Defendants request that this Court enter a final order approving the Joint Stipulation of Settlement and Release ("Stipulation"). The Parties have submitted a proposed *Order Granting Final Approval of Class Action Settlement, Attorney's Fees & Costs, and Enhancement Payment to Class Representative* to chambers.

**Facts**

This lawsuit (hereinafter "the Litigation") involves the following lawsuit: *Alex C. Staton v. Cavo Broadband Communications, L.L.C., Cavo Communications, Inc., and Prince Telecom, Inc.*, Case No. 08-CV-0273-ERW, currently pending in the United States District Court for the Eastern District of Missouri.  On or about February 27, 2008, Plaintiff Alex C. Staton filed a proposed Collective Action Complaint against Defendant Cavo Broadband Communications, L.L.C. on behalf of himself and others similarly situated.  The Plaintiff alleged a claim under the Fair Labor Standards Act ("FLSA") for failure to properly compensate the proposed class and pay overtime.  On June 12, 2008, Plaintiff amended his Complaint to add Defendants Cavo Communications, Inc. and Prince Telecom, Inc.  On November 24, 2008, Plaintiff amended his complaint to allege a breach of contract claim on behalf of himself and others similarly situated.  On or about December 12, 2009, the Named Plaintiff and Defendants entered into the Stipulation.  On or about January 20, 2009, this Court entered an Order Granting Preliminary Approval of Settlement and Certification of Classes (Doc. #35).

Collectively the Action seeks alleged unpaid wages and penalties on behalf of:  all persons who performed work for Defendant Cavo Communications, Inc. as cable service installers at any time from October 1, 2005, through March 31, 2007 (the "Class Period"), who were not paid at one and one-half times the regular rate of pay for all work performed in excess of forty hours per week.

Defendants deny any liability or wrongdoing of any kind whatsoever associated with the claims alleged in the Action.  Defendants deny, among other things, that they failed to pay wages or overtime compensation to Class Members, that Class Members were actually employees governed by the FLSA or due overtime pursuant to that statute, that they breached any contract, or otherwise violated their legal obligations to Class Members.  Plaintiff, on the other hand,

believes the Action is meritorious.  Defendants contend that they complied with the Fair Labor Standards Act and complied with all contractual obligations.

The Parties participated in formal discovery, including responding to their respective interrogatories and document requests.  The Parties also participated in extensive informal discovery, by which Defendants supplied additional documents, some of which were subject to a confidentiality agreement for settlement purposes, the attorney-client privilege and/or work product doctrine.  These documents included analyses of payroll documents for the class members.  In addition, Defendants answered all of the Plaintiffs' questions regarding the pay and job duties of the putative class members, and relevant corporate history.

The Named Plaintiff believes that the claims asserted in the Litigation have merit.  Defendants vigorously deny the claims.  The Parties wish to avoid the uncertainty and risk attendant with litigation, as well as the expense and length of continued proceedings necessary to prosecute and defend the Litigation, especially in a complex case like this action.

Arm's-length settlement negotiations took place between the Parties, including a mediation on October 7, 2008, in Kansas City, Missouri before John R. Philips, Esq., of Husch Blackwell Sanders LLP, a mediator based in Kansas City, Missouri.  After extensive informal discovery and investigation of the facts and after carefully considering applicable law, the Class Representative and Class Counsel have concluded that:  (i) it is in the best interests of the Settlement Class to enter into the Stipulation of Settlement in order to avoid the uncertainties of litigation, particularly complex litigation such as this, and to assure benefits to the Class Members, and (ii) the terms and conditions of this Stipulation of Settlement, are fair, reasonable and adequate, and in the best interests of all members of the Settlement Class.

The Named Plaintiff believes that the settlement terms set forth in the Stipulation confer substantial benefits upon the putative class members. Based on the Named Plaintiff's evaluation of the evidence gathered to date and risks and costs attendant with litigation, he has determined that the settlement set forth in the Stipulation is in the best interests of them and the class members.

## Legal Analysis

In determining whether to approve a settlement as being fair, just and reasonable, the Court must consider whether the proposed settlement was fairly and honestly negotiated; whether serious questions of law and fact exist which place the ultimate outcome of the Litigation in doubt; whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and the judgment of the Parties that the settlement is fair and reasonable. *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984).

In the instant case, it is clear that the proposed settlement is fair, just and reasonable. First, the settlement was reached over approximately nine hours of arms-length negotiation between the Parties during mediation with a private mediator. There was no collusion between the Parties, as evidenced by the amount of time it took the Parties to finally reach an agreement.

Second, as with any breach of contract claim, and/or independent contractor status claim under the FLSA action, serious questions of fact and law exist which place the ultimate outcome of the Litigation in doubt. Questions exist as to Plaintiffs' ability to obtain approval of a class action under Fed.R.Civ.P. 23 or a collective class pursuant to FLSA Section 216(b) in light of the dissimilarities among putative class members inherent in these types of claims. Further questions exist as to Named Plaintiff's ability to prove breach of contract claims of any of the putative collective class members due to variances in possible treatment by the Defendants under

the terms of their respective written agreements and individual factual circumstances.  Proof of class claims could have been accomplished, if at all, only through extensive and costly discovery, including reviewing hundreds if not thousands of pages of time keeping and payroll records, deposing several managers, and defending the depositions of members of the putative collective class.

Finally, the Parties agree that the settlement is fair and reasonable.  The settlement will pay to putative class members who timely file proofs of claim amounts between $50.00 and $3,700.00, based upon the amount of compensation earned and number of weeks worked for Defendants and status as a Representative Plaintiff.  The financial terms of the settlement are described in further detail in the Parties' Stipulation that was provided to the court for an in camera review and approval.  Given the financial terms of the settlement, it is highly unlikely that the recovery of any settlement class member would increase as a result of protracted litigation.

## Attorney's Fees & Costs are Reasonable

As set forth in the Settlement Agreement, the Defendants have agreed not to contest any request or payment for fees, costs, and expenses up to 1/3 of the Settlement Amount.  Because the percentage sought under the Settlement Agreement is reasonable and within the fee range approved by courts in similar litigation, the 1/3 amount of the settlement should be readily approved.

Attorneys' fees are awarded to class counsel under the common benefit doctrine.  *Hall v. Cole*, 412 U.S. 1, 5, 36 L. Ed. 2d 702, 93 S. Ct. 1943 (1973).)  When a settlement yields a fund for class members, fees must be paid from the recovery.  *Boeing Co. v. VanGemert*, 444 U.S. 472, 481, 62 L. Ed. 2d 676, 100 S. Ct. 745 (1980).  There are two recognized methods of

computing attorney fee awards.  The "percentage" approach focuses principally upon the amount recovered, and awards a ***percentage of that recovery*** for fees.  As courts have routinely recognized, this approach most closely aligns the interests of the lawyers with the class, since the more recovered for the class, the more the attorneys stand to be paid.  *Johnston v. Comerica Mortgage Co.*, 83 F. 3d 241, 244 (8th Cir. 1996); *In re BankAmerica Corp. Secs. Litig.*, 228 F. Supp. 2d 1061, 1064 (E.D. Mo. 2002).  This approach is also consistent with arrangements in the market place for contingency cases, where the individual client generally agrees to a fee based on amount recovered.  *See Missouri v. Jenkins,* 491 U.S. 274, 285, 105 L. Ed. 2d 229, 109 S. Ct. 2463 (1989).  There is an expressed "preference for the percentage of the fund method" in common fund cases.  *Rosenbaum v. MacAllister*, 64 F.3d at 1439 1445 (10th Cir. 1995) (emphasis added); *Gottlieb v. Barry*, 43 F.3d 474, 483 (10th Cir. 1994); *Ramah Navaho Chapter v. Babbitt*, 50 F.Supp.1091, 1096-97 (D.N.M. 1998); *In re Sprit Corporation ERISA Litigation*, 443 F.Supp.2d 149, 1269 (D.Kan. 2006); *see also* Report of the Third Circuit Task Force, *Court Awarded Attorney Fees*, 108 F.R.D. 237, 255-56 (1985).  The common fund doctrine "rests on the perception that persons who obtain the benefit of a lawsuit without contribution to its costs are unjustly enriched at the successful litigant's expense."  *Brown v. Phillips Petroleum Company*, 838 F.2d 451, 455 (10th Cir. 1988) (quoting *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)).  Therefore, the percentage award results "in a sharing of the fees among those benefited by the litigation." *Brown*, 838 F.2d at 454.

The percentage of the fund method is preferred because, among other things, it rewards prompt and efficient resolution of class litigation, while strict application of the alternative "lodestar" methodology encourages inefficiency and resistance to prompt settlement.  *See Swedish Hospital Corp. v. Shalala*, 1 F.3d 1261, 1268 (D.C. Cir. 1993).  In addition, "a

1-CH/195684.2                                             6

percentage of the fund approach more accurately reflects the economics of litigation practice….and most closely approximates the manner in which attorneys are compensated in the marketplace for these types of cases." *Id.* at 1269 (citations omitted).

Based on historical awards of attorneys' fees in similar cases, the percentage of the fund requested – the 1/3 sought here – is presumptively reasonable. In other recent class action settlements (including some in this District), counsel Brendan J. Donelon has had attorneys' fees recently approved at rates of 33% through 37% of the settlement fund. *Most, et. al. v. GNC Nutrition Corp*, Case No. 2:06-cv-2330 (D. Kan., July 23, 2007) (sealed order approving 35.3% fees); *Canterbury, et. al. v. Parsons Construction*, Case No. 2:06-cv-4281 (W.D. Mo., July 3, 2007) (sealed order approving 37% fees); *Hamilton, et al. v. ATX Services Inc.*, Case no: 08-0030-SOW (W.D.Mo. May 6, 2008) (Order under seal approving attorneys' fees and expenses at 34%), *Smith, et al. v. Mill-Tel, Inc.*, Case no. 08-2016-JAR (D.Kan. August 27, 2008) (order under seal approving attorneys' fees and expenses at 33%), *Morak, et al. v. CitiMortgage, Inc.*, Case no.: 07-1535 (E.D.Mo. September 26, 2008) (order under seal approving attorneys' fees and expenses at 33%); *Barnwell, et al. v. Corrections Corp. of America*, Case no.: 08-2151 (D.Kan. 2008) (order under seal approving fees and costs at 33%). The amount sought here (1/3) is consistent with counsel's prior experiences.

Courts in this District and others are in agreement that attorneys' fees in the 30%+ range of the settlement fund are reasonable. *See, Horn, et al. Principal Financial Group, Inc. & Principal Residential Mortgage, Inc.*, 05-CV-2032-KHV (D.Kan. Dec. 2, 2005) (awarding 30% of settlement fund made available to eligible plaintiffs), *Qualls v. Sanofi-aventis U.S. LLC*, Case no.: 06-0435-CV-W-SOW (W.D.Mo. Dec. 4, 2006) (awarding counsel 30% of settlement fund made available to eligible plaintiffs); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174 (W.D.N.Y.

2005) (approving fee award of 38.26% of total settlement fund in FLSA collective action and Rule 23 action case); *Kedrick v. ABC Television Appliance Rental*, 1999 WL 1027050 (N.D. W.Va. 1999) (approving 30% fee award of common fund in FLSA collective action and Rule 23 class action case).

In *Vaszlavik v. Storage Tech Corp.*, 2000 U.S. Dist. LEXIS 21140, 4-5 (D.Colo. 2000), the court addressed an ADEA and ERISA class action. The court approved a 30% contingency fee be paid against the common fund. "Fees for class action settlements generally range from 20%-50%." *Id.* (quoating *Maywalt v. Parker and Parsley Petroleum Co.*, 963 F. Supp. 310 (S.D.N.Y. 1997); citing *In re Rio Hair Naturalizer Prods. Liab. Litig.*, 1996 U.S. Dist. LEXIS 20440, 1996 WL 780512, p. *14 (E.D. Mich. 1996); *In re Combustion, Inc.*, 968 F. Supp. 1116, 1132). In *Carlson v. C.H. Robinson Worldwide, Inc.*, 2006 U.S. Dist. LEXIS 67108, 19-20 (D.Minn. 2006), the court addressed fees in a sex harassment class action. It allowed a percentage of the total fund at 35.5%. In *Lucas v. Kmart Corp.*, 2006 U.S. Dist. LEXIS 51420 (D.Colo. 2006), the court was faced with an attorneys' fee issue in an ADA class. There, the court allowed a contingent fee against the common fund for fees at 30%.

All of the above case law clearly supports Counsels' request in this matter for 1/3 of the settlement fund to be approved by this Court for fees, expenses, and costs.

### The Service Payment Request is Fair and Reasonable

Under section 12(e) of the Settlement Agreement, the Name Plaintiff is seeking Court approval for $2500.00 to be paid for acting as class representatives in this matter. The Named Plaintiff worked with Plaintiff's counsel throughout this litigation in pursuing these claims on behalf of class members. The Named Plaintiff also took the initiative to file this matter on behalf

1-CH/195684.2                                    8

of the class of employees.  The amount sought for the service payment is fair and reasonable and should be approved by this Court.

 **WHEREFORE**, the Plaintiff hereby requests that this Court issue an *Order Granting Final Approval of Class Action Settlement, Attorney's Fees & Costs, and Enhancement Payment to Class Representative*.

        Respectfully Submitted,



        */s/ Brendan J. Donelon*
        Brendan J. Donelon, E.D.Mo. 197776
        802 Broadway, 7th Floor
        Kansas City, Missouri 64105
        Tel: (816) 221-7100
        Fax: (816) 472-6805
        brendan@donelonpc.com

        ATTORNEY FOR PLAINTIFF

**Certificate of Service**

 I hereby certify that a true and correct copy of the above and foregoing was sent on <u>March 20, 2009</u> via the requirements set forth by the Eastern District of Missouri under the policies for Electronic Case Management and standing Orders to:

| | |
|---|---|
| Stacy M. Bunck | Paul D. Seyferth |
| Patrick F. Hulla | Courtney Hasselberg |
| Angela D. Green | SEYFERTH BLUMENTHAL & HARRIS |
| OGLETREE DEAKINS, et al. | 300 Wyandotte Street, Suite 430 |
| Park Central Plaza | Kansas City, MO  64105 |
| 4717 Grand Ave., Ste. 300 | |
| Kansas City, MO 64112 | ATTORNEYS FOR CAVO |
| | COMMUNICATIONS, INC. |
| ATTORNEYS  FOR  CAVO  BROADBAND COMM., INC. & PRINCE TELECOM, INC. | |